The Supreme Court reversed the judgment of the Common Pleas, on March 23d, 1885, in the following opinion, per
Paxson, J.
If the learned judge below was correct in saying to the jury, as he did in answer to the plaintiffs points, “that we can discover no fraud in this case,” it was his plain duty to have granted a new trial, for the reason that the jury found fraud where none existed.
The point in question was in these words : “That there is no evidence of any fraud in the case, and the verdict should therefore be for the plaintiff.”-
It was the duty of the Court, in answer to this point, to say distinctly, whether there was evidence of fraud, and, if there was not, to affirm the point without qualfication. The object •of it was to obtain a binding instruction, and to withdraw the case from the jury. Instead of doing so, the learned judge charged, that he saw no evidence of fraud, and then submitted that question to the jury.
The testimony shows that the sale of the stock of goods was honestly made, so far as the purchaser was concerned. If Stoddard & Co. had any design to defraud their creditors, the knowledge of their design was not brought home to the plaintiff. The mere fact that he know the firm was “shaky,” as the witness expressed it, is of little importance. At most, it means that the firm were not in good credit. This would not affect the plaintiff with knowledge that the firm intended to ■cheat their creditors; if it would, an embarrassed firm could not sell anything to anyone, though done in the most perfect good faith. Such is not the law.
Nor does the manner in which the check was paid furnish a scintilla of evidence that the stock of merchandise was not paid for as agreed upon. The evidence is clear that the proceeds ■of the check was handed over to Stoddard & Co., less the sum they owed the plaintiff, and which it was agreed should be *304 deducted. This was proved by credible witnesses, who were neither contradicted nor impeached.
All the requisites of a valid sale appeared in the case. The stock was sold at a fair price, and the purchase money paid in. cash, and the requisite change of possession took place. And, as before observed, there was nothing in the case to indicate-that the plaintiff had in his mind any intent to hinder and delay the creditors of Stoddard & Co., or even knew they had any creditors other than himself. Under such circumstances-it was grave error to allow the jury to find fraud without evidence, or upon such weak and inconclusive facts as furnish no proper basis for a verdict. The court should have affirmed the plaintiff's point without qualification,
The judgment is reversed and a. venire facias de novo awarded,